FILED

2016 Aug-11  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARCUS JEROME ECHOLS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  5:16-cv-00036-MHH-HGD |
| | ) | |
| SHERIFF ANNA FRANKLIN, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

The plaintiff, a former inmate at the Morgan County Jail in Decatur, Alabama, filed a *pro se* 42 U.S.C. § 1983 complaint while housed at that facility.  (Docs. 1, 5). In his complaint, the plaintiff alleges that between December 6, 2015, and December 20, 2015, the inmates in his jail section lost water cooler privileges because they used a shower to refill the cooler without a detention officer being present (even though an officer had given them permission to do so) and because they were too loud one evening after "rack down."  (Doc. 1 at 3-4).  For the two-week period they were without the water cooler, the inmates were instructed to get water from a sink located close to a urinal.  (*Id.* at 4).  The plaintiff claims he was subjected to cruel and

unusual punishment because the sink was unsanitary due to its proximity to the urinal. (*Id*.).  Named as defendants are Morgan County Sheriff Anna Franklin, Jail Warden Leon Bradley, Jail Administrator Larry Burzzet, and Detention Officer Lee.  (*Id.* at 1, 3).

On January 20, 2016, the plaintiff notified the Clerk of Court that he had suffered a heart attack at the jail several days earlier, had undergone surgery, and was recuperating at home.  (Doc. 5).  He also informed the Clerk that when he began suffering severe chest pains at the jail, he had to push the guard tower button several times and then continuously, before a detention officer angrily responded.  (*Id.* at 1). The guard would not assist him as he struggled to the jail infirmary.  (*Id.*).  When the nurses discovered his "readings/vitals were off the charts," they ran "around panicking and it took [the plaintiff] 10 to 15 minutes to convince them to call an ambulance." (*Id.* at 1-2).  Moreover, "[t]he guards resisted calling the ambulance and contacting their superiors to get permission to call Decatur Emergency Services." (*Id.* at 2).  Once Decatur Emergency Services arrived, they rushed the plaintiff to Huntsville Hospital where he "underwent 7 procedures and received 3 stents." (*Id.*). The plaintiff's doctor told him the delay "made [his] situation/heart attack worse" and "caused [him] more damage."  (*Id*.).

On January 25, 2016, the plaintiff wrote another letter to the clerk, notifying her of his desire to amend his "original case" and name as defendants the "Morgan County Detention Officers assigned" to the 5 p.m. to 5 a.m. shift on January 16, 2016, and "Quality Corrections" "for their combined neglect [and] unprofessionalism on the day of my heart attack." (Doc. 6). The plaintiff's letter to the Clerk shall be construed as a motion to amend the complaint. However, because the claims pertaining to his heart attack are wholly unrelated to the claims made in the complaint, he cannot present the claim in this action. Allowing unrelated claims in the same complaint would violate Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Accordingly, to the extent the plaintiff wishes to pursue his claims against the defendants associated with his heart attack, he must do so in a new and separate action.

The Clerk is DIRECTED to serve a copy of this order and two copies of the § 1983 compliant form upon the plaintiff.

**DATED** this 11th day of August, 2016.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE