FILED

2016 Aug-23  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

MARCUS JEROME ECHOLS,    )
                                 )
            Plaintiff      )
                                 )
      vs.               )     Case No.  5:16-cv-00036-MHH-HGD
                                 )
SHERIFF ANNA FRANKLIN,    )
et al.,                       )
                                 )
           Defendants    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 1). The plaintiff names the following defendants in the complaint:  Morgan County Sheriff Anna Franklin, Jail Warden Leon Bradley, Jail Administrator Larry Burzzet, and Detention Officer Lee.  (*Id.* at 1, 3).  The plaintiff seeks injunctive and monetary relief.  (*Id.* at 4).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I.  Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On December 5, 2015, the plaintiff was incarcerated in section D5 of the Morgan County Jail.  (Doc. 1 at 3).  That day, inmates called "the 'tower'" to tell a guard "the 10 gallon water cooler" was empty.  (*Id.*).  "A guard (maybe Amerson) told" the inmates to fill the cooler "up in the shower and so they did."  (*Id.*).  The

plaintiff alleges that on December 6, 2015, "Officer Lee removed the cooler [and] informed us he was taking it for a week because it was filled up without a detention officer present even though [the inmates] were told to go ahead and fill it." (*Id.*).  On December 16, 2015, the loss of the water cooler was "extended another week because of the noise level after 'rack down' [at] 10 p.m." (*Id.* at 3-4).  On December 20, 2015, the water cooler was returned to D5.  (*Id.* at 4).

During the two-week period the plaintiff was denied access to the water cooler, several "good officers" attempted to locate it, but it had been hidden.  (*Id.*).  Officer "Pervetz stated that anytime a privilege is taken for more than 3 days the Warden (Bradley, Leon) had to be notified and he wasn't." (*Id.*).  Moreover, there was "no paper trail . . . to show why" the cooler was taken.  (*Id.*).  The plaintiff and the other inmates "were told to get water from the sink." (*Id.*).

The plaintiff wants "water to be designated as a 'right' and not a 'privilege[.]'" (*Id.*).  He also wants the water "to be from a sanitary source, not a toilet sink at 'penis level,' and that the water be made available to inmates from 10 p.m. to 8 a.m.  (*Id.*). The plaintiff demands the "toilet fountain be redesigned in such a way that when men urinate and shake themselves it doesn't flop all over the toilet fountain opening." (*Id.*).  He further demands monetary damages for the "cruel and unusual punishment,

humiliation and dehumanization" he endured, as well as "[a] very strong anti-retaliation provision for inmates who file lawsuits/grievances." (*Id.*).[1]

## III.  Analysis

The plaintiff admits there is a grievance procedure at Morgan County Jail, but he chose not to "present the facts relating to" his complaint in that procedure for "[f]ear of retaliation by some guards who are highly aggressive  [and] announce as soon as they come on that they're in a bad mood.  Some, but 'not all,' constantly seek to revoke privileges." (Doc. 1 at 2).

Title 42 U.S.C.  1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

"[E]xhaustion is a" mandatory "precondition to suit." *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998) (discussing 42 U.S.C. § 1997e(a)'s exhaustion mandate).  A prisoner must completely exhaust the administrative remedies available

---

[1] On January 20, 2016, the plaintiff notified the clerk of his release from Morgan County Jail. (Doc. 5).  Thus, his requests for injunctive or declaratory relief are moot.  "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been" released.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).

to him regardless of whether they meet certain "minimum acceptable standards" of fairness and effectiveness, and cannot provide the plaintiff the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 740 n.5, 741 (2001). Courts cannot waive or excuse exhaustion even when it would be "appropriate and in the interests of justice." *Id.*

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

"[A] prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance [can] make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). However, the plaintiff inmate must show: "(1) the threat actually did deter [him] from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance[.]" (*Id.*).

The plaintiff admits he did not pursue any administrative remedies at Morgan County Jail concerning the water cooler.  However, he does not "allege that a serious threat of substantial retaliation was made or, moreover, that any threat was made in the present context." *Cole v. Sec'y Dep't of Corr.*, 451 Fed. Appx. 827, 828 (11th Cir. 2011).  Instead, the plaintiff declares some officers are aggressive and come to work in a bad mood and expresses fear that those officers would retaliate against him for filing a grievance by taking away privileges.  These facts would not have deterred "a reasonable inmate from pursuing a grievance," and the plaintiff was required to do so as a prerequisite to filing this lawsuit.  *Id.*.  The jail grievance procedure was available to the plaintiff, and he failed to utilize it.  Accordingly, his claims against the defendants are due to be dismissed without prejudice.

## IV.  Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## V.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.

Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this 23rd day of August, 2016.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE