# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS JEROME ECHOLS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 5:16-cv-00036-MHH-HGD |
| ) | |
| SHERIFF ANNA FRANKLIN, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## ORDER

The plaintiff has filed a *pro se* 42 U.S.C. § 1983 complaint alleging that between December 6, 2015, and December 20, 2015, the inmates housed in his section of the Morgan County Jail lost water cooler privileges and were told to obtain water from the sink. (*Id.* at 3-4). The plaintiff admits he chose not to file a grievance about the matter. (*Id.* at 2). He names Morgan County Sheriff Anna Franklin, Jail Warden Leon Bradley, Jail Administrator Larry Burzzet, and Detention Officer Lee as defendants. (*Id.* at 1, 3).

On January 20, 2016, the plaintiff notified the Clerk of Court that he had suffered a heart attack at the jail several days earlier, had undergone surgery, and was

recuperating at home. (Doc. 5). On January 25, 2016, the plaintiff notified the Clerk that he desired to amend his "original case" and name as defendants the "Morgan County Detention Officers assigned" to the January 16, 2016, 5 p.m. to 5 a.m. shift, and "'Quality Corrections' . . . for their combined neglect [and] unprofessionalism on the day of my heart attack." (Doc. 6).

On August 11, 2016, the undersigned construed the plaintiff's letter to the Clerk as a motion to amend the complaint. (Doc. 12). The motion was denied because the claims pertaining to his heart attack were wholly unrelated to the claims in the complaint. (*Id.* at 3) (citing Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure). The plaintiff was advised that he must file a new action if he intended to pursue claims against the defendants associated with his heart attack. (*Id.*).

On August 22, 2016, the plaintiff filed a "Motion for Access to Certain Records before or during the Discovery Phase." (Doc. 13). The plaintiff requests that he be provided a copy of the arrest warrant, medical records pertaining to his blood pressure readings, medications administered, his complete medical file, a copy of the food menu, all grievance forms submitted and the outcomes thereof, and a "summary of cases against Quality Correctional Health Care for" deliberate indifference to the serious medical needs of inmates. (*Id.*).

On August 23, 2016, the undersigned entered a report recommending the claims in the plaintiff's complaint be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). (Doc. 14). Although the plaintiff was afforded an opportunity to file objections, he has not done so.

The undersigned has examined the plaintiff's motion for discovery and finds that the discovery requested is unrelated to the claims in the plaintiff's complaint. Instead, the requests appear to relate only to possible claims concerning his heart attack. Accordingly, the plaintiff's motion for discovery (doc. 13) is **DENIED**.

The Clerk is DIRECTED to serve the plaintiff with a copy of this order.

**DATED** this 25th day of October, 2016.

                                        HARWELL G. DAVIS, III
                                UNITED STATES MAGISTRATE JUDGE